UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA MALFAVON,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>Defendants. | Case No.   1:24-cv-00453-KES-EPG<br><br>ORDER DENYING REQUEST FOR JUDICIAL NOTICE<br><br>(ECF No. 4) |

Defendant Wal-Mart Associates, Inc. (Walmart) removed this action on April 15, 2024, from the Tulare County Superior Court. (ECF No. 1). Before the Court is Walmart's request for judicial notice of various documents that are attached as exhibits in support of its notice of removal. (ECF No. 4).

Under Federal Rule of Evidence 201(b), a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The decision to take judicial notice lies within a court's discretion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Upon review of Walmart's request, the Court declines to take judicial notice of the documents provided. First, Walmart fails to offer any developed argument or cite any legal authority explaining why it is necessary for the Court to take judicial notice of each of the documents attached, which include, among other things, summaries of state court jury awards.

1

Second, under Rule 201(b), "[a] court must also consider—and identify—which fact or facts it is noticing." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Here, Walmart points to no specific facts from the documents that it seeks to be judicially noticed; rather, it requests that the documents themselves be judicially notice. (ECF No. 4, p. 1 (requesting "that the Court take judicial notice of the following [attached] items")); *Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). Thus, because Walmart provides no basis to take judicial notice of the documents nor identifies the specific facts from each that should be judicially noticed, the Court will deny the request for judicial notice. *See Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) ("Because defendant does not identify which facts within the exhibits it asks the court to judicially notice nor does it explain why the court can judicially notice those facts, the court denies defendant's request for judicial notice.").

Accordingly, IT IS ORDERED that Defendant Walmart's request for judicial notice (ECF No. 4) is denied.

IT IS SO ORDERED.

Dated:  **April 18, 2024**            /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE